FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21 PM 3: 25

Bm

Rudy A. Englund, WSBA No. 04123
 Pro Hac Vice
William A. Earnhart, ASBA 9411099
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and SAM'S WEST, INC.,<br><br>Defendants. | Case No. A05-0094 (JKS)<br><br>**STIPULATION AND PROTECTIVE ORDER AS TO DISCOVERY** |

LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone 206.223.7000 Facsimile 206.223.7107

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto, and ordered by the Court, that certain materials, information, documents or testimony ("Discovery Materials") produced or given by the parties in the course of pre-trial discovery or used or produced at trial in this action contain or refer to "Confidential Information." Accordingly, the parties, through their respective attorneys, hereby stipulate and agree that the following provisions shall govern disclosure and use of all such Discovery Materials containing "Confidential Information" in this litigation.

1.      This Stipulation and Order establishes a procedure for use and/or disclosure of Confidential Information, as defined herein, to the parties in this litigation; imposes obligations on persons receiving such Confidential Information; guards against unauthorized use or disclosure of

such Confidential Information; and establishes a procedure for challenging confidentiality designation. This Stipulation and Order only applies to information furnished by parties and nonparties that is not otherwise publicly available, except that the foregoing shall not apply to any document that is in the public domain as a result of a violation of any duty, law, or agreement.

2. As used herein, "document" means any portion of a transcript of deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, responses to requests for admissions, data (including electronic data) and any other material (and their contents) produced through discovery by the parties.

3. As used herein, "Confidential Information" may be found in, but not limited to, all or any of the following and the contents thereof: (a) documents, deposition or other testimony, responses to written discovery, and other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other documents or materials made or prepared from Confidential Information, except that it shall exclude attorney work product; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

4. This Stipulation and Order covers documents and/or information or materials designated by the disclosing party or non-party (hereinafter "Source") as containing or consisting of Confidential Information. Any Source may in good faith designate any such materials or portions thereof as being subject to the provisions of this Stipulation and Order by means of a stamp or other designation on the documents of the word "Confidential." Such designation shall be limited to information or materials that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information and/or data, and/or any information that implicates or may implicate the privacy rights of the Source and/or of a third party, and that is not otherwise within the public domain as described in paragraph 1.

**Stipulation and Protective Order as to Discovery**
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*   Page 2 of 10
111655.0250/1215355.1

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

5.  In designating materials, documents or portions thereof as confidential, the Source shall mark every page and/or significant component, which contains Confidential Information, with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a cover letter may be used to designate certain materials, such as computer data, where stamping would be impractical or impossible. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within twenty (20) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. Designations may be withdrawn by the Source at any time.

6.  Unless otherwise ordered by the Court, any document or material designated by any Source as containing Confidential Information shall be safeguarded and shall not be disclosed by non-designating counsel, except, subject to the provisions of this Stipulation and Order, to:

a)  counsel of record for the party to whom such documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

b)  the named Plaintiff John McFarlin;

c)  Wal-Mart Stores, Inc. and Sam's West, Inc., including but not limited to their counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

d)  the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the

**Stipulation and Protective Order as to Discovery**
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*   Page 3 of 10
111655.0250/1215355.1

jury, provided that any Confidential Information submitted or filed with the Court shall be placed under seal subject to release or inspection only by order of the Court or consent of the party claiming confidentiality as to the particular material, except that when possible, only confidential portions of filings with the Court shall be filed under seal;

      e)    any court reporter (including audio and video) involved in this action;

      f)    independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking in the form attached hereto at Exhibit A, acknowledging that he or she has read a copy of this Stipulation and Order and agrees to be bound by its terms;

      g)    copying, imaging, computer services and/or litigation support services, provided that all Confidential Information and/or documents, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

      h)    special masters;

      i)    the direct staff of persons designated in paragraphs 7(e), (f), (g) and (h), subject to any conditions enumerated therein;

      j)    any deposition witness, including putative class members, in accordance with paragraph 9;

      k)    any other person upon written consent from counsel for the party which produced or gave such document(s), provided that such person signs the Undertaking in the form attached hereto at Exhibit A, acknowledging that he or she has read a copy of this Stipulation and Order and agrees to be bound by its terms.

Nothing in this Agreement shall prevent any party from producing any document or information in his, her or its possession in response to a lawful subpoena or other compulsory

**Stipulation and Protective Order as to Discovery**
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*    Page 4 of 10
111655.0250/1215355.1

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

process, provided that written notice shall be given to all other parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of the designated materials

7. Subject to the terms of this Stipulation and Order, any party may utilize Confidential Information in the course of a deposition provided that, prior to his or her examination, the witness is furnished with a copy of this Stipulation and Order and has executed the Undertaking attached hereto at Exhibit A. If a non-party refuses to execute the Undertaking, disclosure of such information to the witness during the deposition shall not be a waiver of confidentiality and shall not prevent examination of the witness on documents or other information containing Confidential Information. Such witness shall not be allowed to retain copies of either the Confidential Information or any portions of the deposition transcript containing such Confidential Information. If disclosure of Confidential Information is opposed, nothing in this paragraph shall preclude a party from continuing the deposition until the matter can be raised before and ruled upon by the Court.

8. If documents or materials containing Confidential Information are inadvertently or mistakenly disclosed, without the confidential designation provided for in this Stipulation and Order, the Source may request the return of such documents or materials within ten (10) business days after the discovery of the inadvertent or mistaken disclosure to allow the designation of the documents or materials as Confidential Information consistent with the provisions of this Stipulation and Order. If the receiving party fails to return such documents or materials, the Source may move the Court for an Order compelling the return.

9. If documents or materials that are protected by the attorney-client privilege, as attorney work product or any other privilege are inadvertently or mistakenly disclosed, the receiving party shall promptly advise the Source of the disclosure and return the documents or materials, and any and all copies, to the Source. The Source may also recall any such inadvertently disclosed privileged documents or materials by making a request of the receiving party for their return. If the

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*   Page 5 of 10
111655.0250/1215355.1

receiving party fails to return such documents or materials, the Source may move the Court for an Order compelling the return.

        10.    If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

        11.    (a) Nothing in this Stipulation and Order shall prevent either party from using documents designated as "Confidential," or from referring to or reciting any information contained in such materials in connection with any hearing, motion, brief, or other proceeding in this action, provided the relevant portions of the pleading or other paper in which the Confidential Information is embodied shall be filed and maintained under seal by the Clerk of the Court until further order of the Court, and shall not be available for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with the word "Confidential" stamped on the envelope and the following statement shall be printed on the envelope: "This envelope contains Confidential Information which is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order."

        (b)    Neither the provisions of this Stipulation and Order nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at trial of this case, of any material that is subject to this Stipulation and Order or filed under seal pursuant to the provisions herein. Any Court hearing which refers to or describes Confidential Information, shall, in the Court's discretion, be held in camera. Any party desiring that hearings or any portion thereof be held in camera, or that the trial or any portion thereof be conducted in camera, may make a separate motion therefor.

        12.    The use of Confidential Information at trial shall be addressed in the final pretrial order.

**Stipulation and Protective Order as to Discovery**
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*    Page 6 of 10
111655.0250/1215355.1

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

13. This Stipulation and Order may be amended by written agreement between counsel for the parties, subject to the approval of the Court, or may be modified by motion to the Court.

14. Nothing herein shall prevent a receiving party from challenging any designation of a document or material as "Confidential." The receiving party may give written notice to the Source, requesting withdrawal of the designation. The Source who designated the material shall have fourteen (14) business days from the date on which the request was made to respond. If the Source refuses to withdraw the designation or fails to respond to the request within that time, the receiving party may apply to the Court for an order declaring that the document or material is not appropriately designated confidential. The burden of proof on any such application shall be consistent with the protection of Confidential Information under the applicable federal or state law. Notwithstanding any challenge or application to the Court pursuant to this paragraph, all documents or materials designated as "Confidential" shall be subject to this Stipulation and Order until the Source withdraws the designation or until the Court determines that the document or material is not appropriately designated as Confidential.

15. Within ninety (90) days after the final determination of this action (i.e., after all appellate rights have been exhausted), all documents designated "Confidential" and all copies thereof, shall, upon request, be returned to counsel for the Source who initially produced such documents or materials (unless previously permanently discarded, in which case counsel for the receiving party shall certify in writing to the counsel for the Source that such materials have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence subject to this Stipulation and Order.

16. This Stipulation and Order shall be without prejudice to the right of any party to oppose production of any information or to demand more stringent restrictions than are provided herein on the grounds that such documents or materials contain particularly sensitive information or

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Stipulation and Protective Order as to Discovery
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc. (Case No. 3AN-05-6754 CI)*   Page 7 of 10
111655.0250/1215355.1

to object to its admissibility into evidence by reason of lack of timeliness or relevance, assertion of a privilege, undue burden or any other lawful ground.

17. This Stipulation and Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Stipulation and Order and to make such amendments and modifications to this Stipulation and Order as may be appropriate.

18. The parties agree that documents may be produced pursuant to the terms of this Stipulation and Order as soon as all parties have signed it.

| Choate Law Firm LLC<br>Attorneys for Plaintiff | LANE POWELL PC  12/21/05<br>Attorneys for Defendants |
|---|---|
| By_____<br>Mark C. Choate, ASBA No. 8011070 | By_____<br>Rudy A. Englund, WSBA No. 04123,<br>Pro Hac Vice<br>William A. Earnhart, ASBA No. 9411099 |

**FILED**
DEC 2 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

Based on the parties' Stipulation, and good cause appearing therefor,

IT IS SO ORDERED.

Dated: 12/22, 2005

_____
The Honorable James K. Singleton, Jr.

A05-0094--CV (JKS)   am 12-22-05
M. CHOATE
W. EARNHART (LANE)

**Stipulation and Protective Order as to Discovery**
*John McFarlin v. Wal-Mart Stores, Inc. and Sam's West, Inc.* (Case No. 3AN-05-6754 CI)    Page 8 of 10
111655.0250/1215355.1

LANE POWELL LLC
Attorneys & Counselors
Suite 301, 301 W. Northern Lights Blvd.
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631