Rudy A. Englund, WSBA No. 04123
*Pro Hac Vice*
William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 W. Northern Lights Blvd, Suite 301
Anchorage, AK  99503-2648
Telephone:  (907) 277-9511
Facsimile:  (907) 276-2631

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and SAM'S WEST, INC.,<br><br>         Defendants. | Case No. A05-0094 CV (JKS)<br><br>**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## INTRODUCTION

Defendants Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively "Wal-Mart" or "Defendants") hereby move the Court to dismiss certain claims set forth in Plaintiff's First Amended Class Action Complaint ("First Amended Complaint" or "FAC") pursuant to Fed.R.Civ.P 12(b)(6).

On September 12, 2005, the Court entered an order dismissing Plaintiff's claims for conversion and unjust enrichment without prejudice with leave to amend. Plaintiff has responded by filing a First Amended Complaint. In addition to his efforts that purport to modify the deficient and duplicative conversion and unjust enrichment causes of action, Plaintiff's First Amended Complaint asserts new causes of action, including claims for breach of contract and violation of record keeping requirements under the Alaska Wage and Hour Act ("AWHA").

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern
 Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

Defendants contend that Plaintiff's conversion and unjust enrichment claims continue to suffer the same deficiencies that prompted this Court to dismiss them previously. Although Plaintiff has attempted to recast the conversion theory, the cause of action remains one to recover for the conversion of a debt and fails under Alaska law. Plaintiff's claim for unjust enrichment also fails to state a claim upon which relief can be granted because, as the Court previously ruled, Plaintiff has an adequate remedy at law based upon the statutory claims for unpaid wages, overtime, or minimum wage. In addition, Plaintiff may not state a claim for breach of contract based upon anything set forth in Wal-Mart's employee handbook. Further, no private right of action exists for violation of Alaska's record keeping statutes. Therefore, Defendants respectfully submit those claims should be dismissed pursuant to Rule 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has filed the First Amended Complaint against Wal-Mart alleging that Wal-Mart has "knowing[ly] and systematic[ally] fail[ed] to pay [its] hourly employees for all the time worked, including overtime hours, as well as [failed] to provide employees with accurate itemized wage statements as required by law." FAC at ¶ 1. The First Amended Complaint alleges six causes of action, including violation of the AWHA, conversion, unjust enrichment, and breach of contract.

The First Amended Complaint alleges that Wal-Mart engages in the practice of "time shaving" by, inter alia, (1) altering employee records to make it appear as if the employees' workdays ended one minute after their meal period concluded, effectively denying employees their pay for the three or four hours of work they performed after the meal period (i.e., the so-called "one-minute clock out" practice); (2) deleting overtime hours that employees worked in excess of forty hours; (3) deleting employee punches so that they would not be paid for an entire day or afternoon of work; (4) altering employee time records to make it appear as if employees took meal periods when in fact they did not; and (5) failing to pay employees for all reported time. See Complaint at ¶ 2.

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**

111655.0250/153116.1

The Court has previously entered an order dismissing Plaintiff's claims for conversion and unjust enrichment.  See September 12 Order.  As recognized by the Court, "the gravamen of McFarlin's lawsuit is the assertion that state and federal wage and hour acts required Wal-Mart to pay him more than he in fact received."  September 12 Order at 1.  The thrust of Plaintiff's claims remain unchanged and should again be dismissed.

Wal-Mart now moves for the partial dismissal of Plaintiff's First Amended Complaint on the grounds set forth below.

## ARGUMENT

**A.    Rule 12(b)(6) Standard**

Under Fed. R. Civ. P. 12(b), motions to dismiss should be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Upon a motion to dismiss, the court must make all reasonable inferences in favor of the non-moving party.  See Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).  Any favorable inferences made however, are to be based solely upon allegations of fact and not conclusions or opinions of law.  Id.

**B.    Plaintiff's Second Cause of Action for Conversion Fails to State a Claim.**

Plaintiff's First Amended Complaint attempts to resurrect a conversion cause of action by obscuring the nature of the claim.  For example, some allegations suggest Plaintiff had a possessory interest in Wal-Mart's payroll records.  See FAC at ¶ 53.  Elsewhere, the First Amended Complaint suggests Plaintiff has a property interest in the "hours recorded" or "[c]ompensable hours of labor recorded."  FAC at ¶¶ 54, 56.  However, the First Amended Complaint makes clear what Wal-Mart allegedly converted:  "The monetary value and/or amount of wages and benefits converted by Wal-Mart from Plaintiff and Class members is specific, certain, and capable of identification . . . ."  FAC at ¶ 57.

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
Page 3 of 9

111655.0250/153116.1

Although Plaintiff attempts to cast his conversion claim in ambiguous terms, it remains clear that Plaintiff alleges Wal-Mart converted his property by failing to pay him the correct amount of wages as they became due and payable, by deleting recorded hours from their timekeeping system, or by deducting time worked from payroll records without Plaintiff's authorization. This theory is no different than the original complaint. See Initial Complaint at ¶¶ 39-40.

The Court has previously found that Alaska law would not recognize "a claim of conversion for wages owed but unpaid." September 12 Order at 2. "Conversion is an intentional exercise of dominion over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Alaska Continental, Inc. v. Trickey, 933 P.2d 528, 536 (Alaska 1997). See also K&K Recycling, Inc. v. Alaska Gold Co., 80 P.3d 702, 717 (Alaska 2003); Silvers v. Silvers, 999 P.2d 786, 793 (Alaska 2000).

As described in the Court's Order, Alaska law does not "recognize an action for conversion in every case where an action for money owed but unpaid would lie." September Order at 2. Plaintiff's conversion claim is no different "from that of any person who contends that he is owed money but the debtor withholds payment." Id. See also Shenandoah Assoc. Ltd. P'ship v. Tirana, 182 F. Supp. 2d 14, 22 (D.D.C. 2001) (holding that Plaintiffs failed to state a claim for conversion of funds since they did not possess a property right with respect to the funds, but rather a right to receive payment of funds); Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200, 1203 (Del. Ch. 1988) (dismissing claim for conversion of money); McCain v. P.A. Partners Ltd., 445 So.2d 271, 273 (Ala. 1984) (dismissing claim for conversion on grounds that deduction of amount from wages did not deprive a Plaintiff from a vested property right); Restatement (Second) Torts § 242 cmt. f ("prevailing view that there can be no conversion of an ordinary debt").

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
Page 4 of 9

111655.0250/153116.1

Accordingly, Plaintiff's conversion claim set forth in the First Amended Complaint fails for the same reasons as the initial claim for conversion. Plaintiff may not use a conversion cause of action to recover money allegedly owed due to an underpayment of wages.

Plaintiff cannot recast the conversion claim as based upon Wal-Mart's records. Plaintiff cannot claim to own Wal-Mart's timekeeping system. Any record of labor is not chattel as Wal-Mart could not return such electronic data or records to Plaintiff. Further, even if Wal-Mart could return such data to Plaintiff, that is not the crux of the conversion claim. Rather than electronic data, Plaintiff claims that Wal-Mart is liable for conversion because it failed to pay all wages owed. Conversion is not an appropriate cause of action to recover for this alleged wrong and the claim must be dismissed.

**C.     Plaintiff's Third Cause of Action for Unjust Enrichment Fails to State a Claim.**

In Plaintiff's third cause of action for unjust enrichment, Plaintiff alleges that Wal-Mart "wrongfully retained wages earned by Plaintiff and the Class" and that it would be inequitable for Wal-Mart "to retain the profits obtained from wrongfully withholding money earned by Plaintiff and Class members [.]" FAC at ¶ 64, 67. Although Plaintiff has attempted to recharacterize this claim, it remains unchanged in substance from the unjust enrichment claim previously dismissed by the Court.

Alaska courts recognize that when an adequate remedy at law exists, a Plaintiff cannot recover on a claim sounding in equity. See Knaebel v. Heiner, 663 P.2d 551 (Alaska 1983) ("One who seeks the interposition of equity must generally show that he either has no remedy at law or that no legal remedy is adequate."). Unjust enrichment is an equitable doctrine. See Department of Revenue v. Wetherelt, 931 P.2d 383, 390 n. 11 (Alaska 1997). As described by the Court in its prior order:

> [R]estitution in context is a cause of action that exists to enable someone who meets its terms but lacks another legal remedy such as an action for breach of contract to avoid an unmerited loss. Here, McFarlin seems to have an adequate remedy at law. In other words, McFarlin has not been able to hypothesize a result where he would recover under an unjust enrichment theory and would not also recover under the wage and hour acts. Nor has a he come up with a hypothetical result in which he would prevail on both

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complait**
JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC. **(Case No. A05-0094 CV (JKS))**
Page 5 of 9

111655.0250/153116.1

claims, but his recovery for unjust enrichment would exceed his recovery for violation of the wage and hour act.

September 12 Order at 2.

The Court's prior conclusion applies with equal force to the unjust enrichment claim set forth in the First Amended Complaint. In addition to the AWHA claims, Plaintiff has asserted a new cause of action at law for breach of contract. The unpaid wages sought in connection with the unjust enrichment claim are the same unpaid wages sought in connection with the AWHA and breach of contract claims. Having an adequate remedy at law, Plaintiff may not assert the same claim in equity.

The First Amended Complaint attempts to avoid this obvious result by suggesting that Plaintiff is seeking to recover the "additional profits" obtained by Wal-Mart's alleged underpayment of wages. However, this disgorgement of "profits" is the same underpayment of wage cast with a different name. Pursuant to Plaintiff's theory, each dollar underpaid by Wal-Mart is an additional dollar of profit by which Wal-Mart was unjustly enriched. However, the amount of underpayment is still identified pursuant to the same AWHA and breach of contract claims. Given that the "profit" which Plaintiff seeks to obtain through this cause of action is identical to the amounts in the causes of action at law, Plaintiff may not seek the same relief in equity which compels the dismissal of the unjust enrichment claim.

**D.    Plaintiff May Not Assert a Breach of Contract Based Upon the Employee Handbook.**

Plaintiff's cause of action for breach of contract suggests that Wal-Mart's employee handbook embodies the terms of an employment contract. <u>See</u> FAC at ¶ 71 ("Throughout the employee handbook, Wal-Mart confirmed its obligation to pay its hourly employees for all time worked."). <u>See also</u> FAC at ¶¶ 69-70. The Court should dismiss Plaintiff's causes of action for breach of contract to the extent it relies upon the employee handbook as a basis for the contract or terms of any agreement.

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
Page 6 of 9

111655.0250/153116.1

Any breach of contract claim based upon the employee handbook should be dismissed because of the document's express disclaimers.  The employee handbook in effect in 2002[1] states that

> **This handbook is a guide, not a legal contract.**  It is an introduction to our Company culture.  No handbook can cover everything, we encourage you to ask many questions.  The rules and policies in this handbook may change.

Associate Handbook at 3 (emphasis added), Decl. of Rudy A. Englund, Ex. A.  Later, in the acknowledgment page of the handbook, the document states as follows:

> This handbook is intended solely as a general information guide to let Associates know about the current policies and programs Wal-Mart has in place.  The policies and benefits presented in this handbook are for your information and **do not constitute terms or conditions of employment.**  This handbook supersedes all prior handbooks.  **This handbook is not a contract.**
> Id. (Associate Handbook at 47) (emphasis added).

Id.  Moreover, the Acknowledgement instructs the employee to read and sign the form and it contains the statement: "I understand that the information contained in this handbook are guidelines only, and are in no way to be interpreted as a contract."  Id.  McFarlin signed the Associate Handbook Acknowledgement form verifying that they had read the handbook and understood that the handbook was not a contract.  See Englund Decl., Ex. B.

An express disclaimer in an employee handbook will preclude terms in the handbook from becoming enforceable as a contract.  See Sharpe v. AT&T, 66 F.3d 1045, 1051 (9th Cir. 1995) (citing Swanson v. Liquid Air Corp., 118 Wn.2d 512, 826 P.2d 664 (1992)).  Because the employee handbook expressly disclaims any contractual liability stemming from its guidelines, Plaintiff's complaint fails to allege facts to support a claim for breach of contract.

---

[1] McFarlin began work for Wal-Mart in May 2002 and as evidenced by his Acknowledgment signed on May 27, 2002, he received an employee handbook at that time.  See FAC at ¶ 69; Englund Decl., Ex. B.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
Page 7 of 9

111655.0250/153116.1

In addition, even in the absence of the handbook's express disclaimers, the provisions relied upon by Plaintiff do not give rise to enforceable promises. <u>Stewart v. Chevron Chemical Co.</u>, 111 Wn.2d 609, 762 P.2d 1143 (1988), is directly on point. In <u>Stewart</u>, the plaintiff relied upon representations in an employee manual to support a claim for breach of contract. The court rejected this cause of action.

> Only those statements in employment manuals that constitute promises of specific treatment in specific situations are binding. . . . [P]olicy statements as written may not amount to promises of specific treatment and merely be general statement of company policy, and thus, not binding.

<u>Id.</u> at 613 (citations omitted). Later, the court related that such provisions in the employee handbook were "merely a guideline for management." <u>Id.</u> at 614. Thus, mere policy statements in an employee handbook will not support a breach of contract claim.

The provisions in Wal-Mart's Associate Handbook are nothing more than general policy statements. The employee handbook provides no basis from which to derive an enforceable promise on behalf of Wal-Mart. Furthermore, the handbook expressly disclaims any contractual liability. Therefore, the Court must dismiss the breach of contract claim for failure to state a claim under Rule 12(b)(6) to the extent that claim relies upon the employee handbook.

**E.   Plaintiff May Not Assert Any Claim Based Upon an Alleged Record Keeping Violation.**

Plaintiff's First Amended Complaint alleges that "Wal-Mart failed to keep accurate records of the hours worked by Plaintiff and Class members, and Wal-Mart falsified such records, all in violation of AS 23.10.100 and AS 23.10.135, as well as AS 23.05.080." FAC at ¶ 47. However, no private right action exists for violation of the record keeping statute. Therefore, any claim based upon such violation should be dismissed.

AS 23.10.100 imposes specified record keeping requirements on an employer. AS 23.10.135 identifies what actions constitute a violation of AS 23.10.100. Similarly, AS 23.05.080 also imposes

Lane Powell LLC
Law Offices

Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complait**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
Page 8 of 9

111655.0250/153116.1

record keeping duties on an employer. Neither section provides for any private right of action in favor of an employee. AS 23.05.080 does not provide a remedy in favor of any party. The only party having any rights in connection with AS 23.10.100 is the commissioner or an authorized representative of the commissioner. See AS 23.10.100(b).

Section 23.10.100 prescribes the remedies afforded an employee for violation of the AWHA. AS 23.10.100 does not provide an employee with any claim or redress for violation of AS 23.10.100. In the absence of any private right of action afforded to an employee, Plaintiff may not base a AWHA claim on an alleged failure to keep accurate records.

## CONCLUSION

For all these reasons, Wal-Mart respectfully requests that this Court dismiss Plaintiff's second cause of action for conversion and third cause of action for unjust enrichment for failure to state a claim upon which relief can be granted. Further, Wal-Mart respectfully requests that the Court dismiss Plaintiff's breach of contract claim to the extent it relies upon Wal-Mart's employee handbook. Finally, Wal-Mart respectfully requests that the Court dismiss any AWHA claim based upon an alleged record keeping violation.

DATED this ___ day of January, 2006.

LANE POWELL LLC

By   /s/ William A. Earnhart
    Rudy A. Englund, WSBA No. 04123
    *Pro Hac Vice*
    William A. Earnhart, ASBA No. 9411099
Attorneys for Defendants
WAL-MART STORES, INC., and SAM'S WEST, INC.

Lane Powell LLC
Law Offices
Suite 301
301 W. Northern Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**Defendants' Motion For Partial Dismissal Of Plaintiff's First Amended Complaint**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 9 of 9

111655.0250/153116.1