Rudy A. Englund, WSBA No. 04123
*Pro Hac Vice*
William A. Earnhart, ASBA No. 9411099
LANE POWELL LLC
301 W. Northern Lights Blvd, Suite 301
Anchorage, AK 99503-2648
Telephone: (907) 277-9511
Facsimile: (907) 276-2631

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and SAM'S WEST, INC.,<br><br>                                    Defendants. | Case No. A05-0094 CV (JKS)<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendants Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively "Wal-Mart"), by and through its attorneys Lane Powell LLC, in answer to plaintiff's First Amended Class Action Complaint ("Complaint") admits, denies, and alleges as follows:

**ANSWER**

1.    Answering Paragraph 1 of the Complaint, Wal-Mart admits that it is a named defendant in this action. Except as so admitted, Wal-Mart denies all other allegations of Paragraph 1.

2.    Answering Paragraph 2 of the Complaint, Wal-Mart denies the allegations contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

3.     Answering Paragraph 3 of the Complaint, Wal-Mart denies the allegations contained therein.

4.     Answering Paragraph 4 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart denies that Plaintiff is a proper representative of a putative class, denies that the putative class is amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiff can satisfy the requirements of Rule 23, and otherwise denies all allegations contained therein.

5.     Answering Paragraph 5 of the Complaint, Wal-Mart avers that the present action has been removed to the United States District Court for the District of Alaska at Anchorage.  Wal-Mart avers that the United States District Court for the District Court of Alaska is a proper venue for the current action.  Except as so admitted, Wal-Mart denies all other allegations of Paragraph 5.

6.     Answering Paragraph 6 of the Complaint, Wal-Mart avers that the present action has been removed to the United States District Court for the District of Alaska at Anchorage.  Wal-Mart admits that it is within the jurisdiction of the United States District Court for the District of Alaska. Except as so admitted, Wal-Mart denies all other allegations of Paragraph 6.

7.     Answering Paragraph 7 of the Complaint, Wal-Mart avers that the present action was properly removed to the United States District Court on the basis of 28 U.S.C. § 1332.  Wal-Mart admits that it is headquartered in Arkansas and that there is diversity of citizenship between the plaintiff and Wal-Mart.  Wal-Mart avers that paragraph 7 contains legal conclusions, as opposed to well-pled facts, and therefore, requires no response and otherwise denies the allegations contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 2 of 17**

111655.0250/153115.1

8.    Answering Paragraph 8 of the Complaint, Wal-Mart admits that John McFarlin is a former Wal-Mart employee.  Wal-Mart further admits that Mr. McFarlin was employed as an hourly employee at a Wal-Mart store in Wasilla, Alaska.  Upon information and belief, Wal-Mart admits that Mr. McFarlin is a resident of the State of Alaska.  Except as so admitted, Wal-Mart denies all other allegations of Paragraph 8 of the Complaint.

9.    Answering Paragraph 9 of the Complaint, Wal-Mart admits that Wal-Mart Stores, Inc. is a Delaware corporation with its headquarters in Bentonville, Arkansas.  Wal-Mart admits that Wal-Mart Stores, Inc. transacts business within the State of Alaska.  Wal-Mart further admits that it has approximately seven retail stores in Alaska.  Except as so admitted, Wal-Mart denies the remaining allegations of Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, Wal-Mart admits that Sam's West, Inc. is a wholly-owned subsidiary of Wal-Mart Stores, Inc.  Wal-Mart admits that Sam's West, Inc. transacts business within the State of Alaska.  Wal-Mart further admits that it has approximately three Clubs in Alaska.  Except as so admitted, Wal-Mart denies the remaining allegations of Paragraph 10.

11.    Answering Paragraph 11 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a response is required, Wal-Mart denies the allegations of Paragraph 11.

12.    Answering Paragraph 12 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a response is required, Wal-Mart denies the allegations of Paragraph 12.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 3 of 17**

111655.0250/153115.1

13.     Answering Paragraph 13 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart denies that Plaintiff is a proper representative of a putative class, denies that the putative class is amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiff can satisfy the requirements of Rule 23, and otherwise denies the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint and its sub-paragraphs, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart denies that Plaintiff is a proper representative of a putative class, denies that the putative class is amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiff can satisfy the requirements of Rule 23.  Wal-Mart denies the putative class is sufficiently numerous to render joinder of all members impractical.  Wal-Mart denies that any common questions law or fact would predominate over the individual circumstances that permeate Plaintiff's underlying allegations of Wal-Mart's alleged failure to compensate putative class members appropriately.  Wal-Mart denies that Plaintiff's allegations are typical of the individual claims of the putative class members sufficient to warrant certification of the putative class.  Wal-Mart denies that class action treatment is superior to alternative forms of action and otherwise denies the allegations contained therein.

15.     Answering Paragraph 15 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart denies that Plaintiff is a proper representative of a putative class, denies that the putative class is

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
 Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
**Page 4 of 17**

111655.0250/153115.1

amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiff can satisfy the requirements of Rule 23, and otherwise denies the allegations contained therein.

16.     Answering Paragraph 16 of the Complaint, Wal-Mart denies the allegations contained therein.

17.     Answering Paragraph 17 of the Complaint, Wal-Mart denies the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint Wal-Mart admits that one of its expenses is the payroll of its hourly-paid employees.  Except as so admitted, Wal-Mart denies all other allegations of Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, Wal-Mart denies the allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, Wal-Mart denies the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, Wal-Mart denies the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Wal-Mart admits that one of its expenses is the payroll of its hourly employees.  Wal-Mart states that the provisions of its employee handbooks speak for themselves, and Wal-Mart denies any allegations inconsistent therewith.  Wal-Mart denies the remaining allegations of Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Wal-Mart denies the allegations contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

24.     Answering Paragraph 24 of the Complaint, Wal-Mart denies the allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, Wal-Mart denies the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Wal-Mart denies the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Wal-Mart denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Wal-Mart denies the allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, Wal-Mart denies the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Wal-Mart admits that it has denied any wrongdoing.  Except as so admitted, Wal-Mart denies the remaining allegations of Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Wal-Mart denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Wal-Mart admits that an article referring to "Wal-Mart" appeared in the New York Times on or about April 4, 2004.  Except as so admitted, Wal-Mart denies the remaining allegations of Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, Wal-Mart states that it is currently without sufficient knowledge or information to form a belief as to the truth of what Plaintiff and the

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 6 of 17

111655.0250/153115.1

Class knew and when, and therefore deny the same. Wal-Mart denies the remaining allegations in Paragraph 33.

34.     Answering Paragraph 34 of the Complaint, Wal-Mart admits that it has produced many videotapes in the context of other litigation in which a protective order has been entered. The videotapes speak for themselves, and Wal-Mart denies any allegations inconsistent therewith. Wal-Mart denies the remaining allegations in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Wal-Mart admits that it has produced many videotapes in the context of other litigation in which a protective order has been entered. The videotapes speak for themselves, and Wal-Mart denies any allegations inconsistent therewith. Wal-Mart denies the remaining allegations in Paragraph 35.

36.     Answering Paragraph 36 of the Complaint, Wal-Mart admits that it has produced an April 2003 training memorandum in the context of other litigation. The memorandum speaks for itself, and Wal-Mart denies any allegations inconsistent therewith. Wal-Mart denies the remaining allegations contained in Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, Wal-Mart states that it is currently without sufficient knowledge or information to form a belief as to the truth of what Plaintiff and the Class members knew and when, and therefore, deny the same. Wal-Mart denies the remaining allegations of Paragraph 37.

38.     Answering Paragraph 38 of the Complaint, Wal-Mart denies the allegations contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 7 of 17**

111655.0250/153115.1

39.    Answering Paragraph 39 of the Complaint, Wal-Mart avers that the allegations concerning the duties under the "AWHA" constitute legal conclusions, as opposed to well-pled facts and therefore, require no response.  Wal-Mart denies the remaining allegations of Paragraph 39 of the Complaint, and otherwise denies the allegations contained therein.

40.    Answering Paragraph 40 of the Complaint, Wal-Mart denies the allegations contained therein.

41.    Answering Paragraph 41 of the Complaint, Wal-Mart states that the provisions of its handbooks, corporate policies, and hourly employee orientations speak for themselves.  Wal-Mart states that any statements actually made by H. Lee Scott on Wal-Mart's website, *Good Morning America*, and *Your World with Neil Cavuto*, speak for themselves.  Wal-Mart denies the remaining allegations of Paragraph 41.

42.    Answering Paragraph 42 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts, and therefore, requires no response.  To the extent a response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 42. Wal-mart denies the remaining allegations of Paragraph 42.

43.    Answering Paragraph 43 of the Complaint, Wal-Mart realleges and incorporates by reference its responses set forth in the preceding paragraphs.

44.    Answering Paragraph 44 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart denies that Plaintiff is a proper representative of a putative class, denies that the putative class is

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 8 of 17**

111655.0250/153115.1

amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiff

can satisfy the requirements of Rule 23, and otherwise denies the allegations contained therein.

45.    Answering Paragraph 45 of the Complaint, Wal-Mart denies the allegations

contained therein.

46.    Answering Paragraph 46 of the Complaint, Wal-Mart avers that it contains legal

conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a

response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 46.

Wal-Mart denies the remaining allegations of Paragraph 46 of the Complaint.

47.    Answering Paragraph 47 of the Complaint, Wal-Mart denies the allegations

contained therein.

48.    Answering Paragraph 48 of the Complaint, Wal-Mart denies the allegations

contained therein.

49.    Answering Paragraph 49 of the Complaint, Wal-Mart denies the allegations

contained therein.

50.    Answering Paragraph 50 of the Complaint, Wal-Mart denies the allegations

contained therein.

51.    Answering Paragraph 51 of the Complaint, Wal-Mart realleges and incorporates by

reference its responses set forth in the preceding paragraphs.

52.    Answering Paragraph 52 of the Complaint, Wal-Mart avers that it contains legal

conclusions, as opposed to well-pled facts and therefore, requires no response, except that Wal-Mart

denies that Plaintiff is a proper representative of a putative class, denies that the putative class is

*Lane Powell LLC*

*Law Offices*

*Suite 301*
*301 W. Northern*
*Lights Blvd*
*Anchorage, AK*
*99503-2648*

*Telephone*
*907.277.9511*

*Facsimile*
*907.276.2631*

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**

111655.0250/153115.1

amenable to certification under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiff can satisfy the requirements of Rule 23, and otherwise denies the allegations contained therein.

53.    Answering Paragraph 53 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 53. Wal-Mart denies the remaining allegations of Paragraph 53 of the Complaint.

54.    Answering Paragraph 54 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 54. Wal-Mart denies the remaining allegations of Paragraph 54 of the Complaint.

55.    Answering Paragraph 55 of the Complaint, Wal-Mart denies the allegations contained therein.

56.    Answering Paragraph 56 of the Complaint, Wal-Mart denies the allegations contained therein.

57.    Answering Paragraph 57 of the Complaint, Wal-Mart denies the allegations contained therein.

58.    Answering Paragraph 58 of the Complaint, Wal-Mart denies the allegations contained therein.

59.    Answering Paragraph 59 of the Complaint, Wal-Mart denies the allegations contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

60.     Answering Paragraph 60 of the Complaint, Wal-Mart denies the allegations contained therein.

61.     Answering Paragraph 61 of the Complaint, Wal-Mart realleges and incorporates by reference its responses set forth in the preceding paragraphs.

62.     Answering Paragraph 62 of the Complaint, Wal-Mart denies the allegations contained therein.

63.     Answering Paragraph 63 of the Complaint, Wal-Mart denies the allegations contained therein.

64.     Answering Paragraph 64 of the Complaint, Wal-Mart denies the allegations contained therein.

65.     Answering Paragraph 65 of the Complaint, Wal-Mart denies the allegations contained therein.

66.     Answering Paragraph 66 of the Complaint, Wal-Mart denies the allegations contained therein.

67.     Answering Paragraph 67 of the Complaint, Wal-Mart denies the allegations contained therein.

68.     Answering Paragraph 68 of the Complaint, Wal-Mart realleges and incorporates by reference its responses set forth in the preceding paragraphs.

69.     Answering Paragraph 69 of the Complaint, Wal-Mart denies the allegations of contained therein.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**

111655.0250/153115.1

70.    Answering Paragraph 70 of the Complaint, Wal-Mart denies the allegations contained therein.

71.    Answering Paragraph 71 of the Complaint, Wal-Mart denies the allegations contained therein.

72.    Answering Paragraph 72 of the Complaint, Wal-Mart denies the allegations contained therein.

73.    Answering Paragraph 73 of the Complaint, Wal-Mart denies the allegations contained therein.

74.    Answering Paragraph 74 of the Complaint, Wal-Mart denies the allegations contained therein.

75.    Answering Paragraph 75 of the Complaint, Wal-Mart denies the allegations contained therein.

76.    Answering Paragraph 76 of the Complaint, Wal-Mart realleges and incorporates by reference its responses set forth in the preceding paragraphs.

77.    Answering Paragraph 77 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 77 and otherwise denies the allegations contained therein.

78.    Answering Paragraph 78 of the Complaint, Wal-Mart avers that it contains legal conclusions, as opposed to well-pled facts and therefore, requires no response.  To the extent a

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 12 of 17

111655.0250/153115.1

response is required to such legal conclusions, Wal-Mart denies the allegations of Paragraph 78 and

otherwise denies the allegations contained therein. .

79.    Answering Paragraph 79 of the Complaint, Wal-Mart denies the allegations

contained therein.

80.    Answering Paragraph 80 of the Complaint, Wal-Mart denies the allegations

contained therein.

81.    Answering Paragraph 81 of the Complaint, Wal-Mart denies the allegations

contained therein.

82.    Answering Paragraph 82 of the Complaint, Wal-Mart realleges and incorporates by

reference its responses set forth in the preceding paragraphs.

83.    Answering Paragraph 83 of the Complaint, Wal-Mart denies the allegations

contained therein.

84.    Answering Paragraph 84 of the Complaint, Wal-Mart denies the allegations

contained therein.

85.    Answering Paragraph 85 of the Complaint, Wal-Mart denies the allegations

contained therein.

86.    Answering Paragraph 86 of the Complaint, Wal-Mart denies the allegations

contained therein.

## AFFIRMATIVE DEFENSES

87.    Plaintiff fails to state a claim upon which relief can be granted.

88.    Plaintiff has knowingly submitted to any alleged wage loss violations.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
  Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
**Page 13 of 17**

111655.0250/153115.1

89.    Some or all of putative class members' claims are barred by the fact that they are exempt employees.

90.    Plaintiff has failed to state facts entitling them to exemplary damages and/or civil penalties.

91.    Some or all of Plaintiff's claims are preempted by federal laws.

92.    Some or all of Plaintiff's claims are barred by the statute of frauds.

93.    Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment and release.

94.    Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

95.    Plaintiff's claims, in whole or in part, are precluded by their failure to exhaust administrative remedies.

96.    Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

97.    Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

98.    Plaintiff's claims, in whole or in part, are barred by claim preclusion and/or issue preclusion.

99.    Plaintiff failed to mitigate the damages, if any, that they sustained.

100.    The putative class cannot be certified under Rule 23, given the necessarily individualized nature of the damages' claims, which predominate over common questions of law and fact.

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 14 of 17**

111655.0250/153115.1

*Lane Powell LLC*

*Law Offices*

*Suite 301*
*301 W. Northern*
*Lights Blvd*
*Anchorage, AK*
*99503-2648*

*Telephone*
*907.277.9511*

*Facsimile*
*907.276.2631*

101.  Plaintiff's state law tort and breach of contract claims are subsumed, in whole or in part, by the Alaska wage payment statutes.

102.  Plaintiff knowingly failed to notify Wal-Mart that they allegedly were engaging in overtime work.

103.  Plaintiff deliberately prevented Wal-Mart from acquiring knowledge of the alleged overtime work.

104.  Plaintiff is not entitled to recover damages for de minimus time.

105.  Plaintiff is barred from recovering any duplicative damages.

106.  Plaintiff was relieved from any and all work duties during breaks.

107.  To the extent that Wal-Mart failed to comply with any aspect of state and/or federal wage and hour laws, said conduct was not otherwise willful or intentional, but rather was accomplished in good faith and with reasonable grounds for believing that the act or omission was not in violation Alaska statutes.

108.  Plaintiff and some or all of the purported class members lack standing to seek the relief requested.

109.  Plaintiff and the purported class members are not entitled to equitable relief because they have an adequate remedy at law.

110.  Plaintiff has failed to satisfy the prerequisites to a class action set forth in Rule 23 of the Federal Rules of Civil Procedure and cannot properly or adequately represent the interests of others.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC. (Case No. A05-0094 CV (JKS))*
111655.0250/153115.1

111.   The claims of the purported class members are barred due to the fact that they do not satisfy the prerequisites to a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

112.   Liability cannot be assessed without individual testimony and evidence from each purported class member.

113.   The damages sought by the Plaintiff on behalf of the alleged class cannot be recovered without specific proof of injury and damages by each purported class member.

114.   Wal-Mart avers that it did not participate in, authorize, ratify or benefit from the wrongful acts asserted in the Complaint.

115.   Plaintiff and some or all of the purported class members did not rely or reasonably rely on any representations made to them by Wal-Mart.

116.   Any damages allegedly suffered by the Plaintiff and the purported class members were caused, in whole or in part, by their own negligence, failure to perform adequate due diligence, or other intervening or supervening causes over which Wal-Mart had no control and which cannot be the basis for any liability to Wal-Mart.

117.   The claims of the Plaintiff and some or all of the purported class members are barred as there is no identifiable or earmarked sum of money.

118.   The claims of the Plaintiff and some or all of the purported class members are barred as there has been no wrongful taking or wrongful retention by Wal-Mart.

119.   Wal-Mart did not direct, aid, participate or ratify any alleged wrongful conduct by its employees.

*Lane Powell LLC*

*Law Offices*

*Suite 301*
*301 W. Northern*
*Lights Blvd*
*Anchorage, AK*
*99503-2648*

*Telephone*
*907.277.9511*

*Facsimile*
*907.276.2631*

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**
**Page 16 of 17**

111655.0250/153115.1

120.   To the extent Wal-Mart's employees or agents acted contrary to Wal-Mart's express or generally understood policies and procedures, such actions were not authorized and were outside the scope of their employment or agency.

121.   Wal-Mart alleges that its conduct does not support an award of punitive damages against Wal-Mart.

122.   Wal-Mart asserts that discovery in this matter has not been completed and reserves the right to amend this brief statement by adding affirmative defenses as further discovery makes apparent.

WHEREFORE, based upon the foregoing, Wal-Mart respectfully requests the following:

a.    That Plaintiff's Class Action Complaint be dismissed with prejudice;

b.    That the Court award Wal-Mart its costs and reasonable attorneys' fees; and

c.    That the Court award Wal-Mart such other relief as is just and proper.

DATED this ___ day of January, 2006.

LANE POWELL PC


By___/s/ William A. Earnhart_____
    Rudy A. Englund, WSBA No. 04123
    *Pro Hac Vice*
    William A. Earnhart, ASBA No. 9411099
Attorneys for Defendants
WAL-MART STORES, INC., and SAM'S WEST, INC.

Lane Powell LLC

Law Offices

Suite 301
301 W. Northern
Lights Blvd
Anchorage, AK
99503-2648

Telephone
907.277.9511

Facsimile
907.276.2631

**DEFENDANTS' ANSWER TO FIRST AMENDE CLASS ACTION COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* **(Case No. A05-0094 CV (JKS))**

111655.0250/153115.1