Rudy A. Englund, WSBA No. 04123
*Admitted Pro Hac Vice*
William A. Earnhart, ASBA No. 9411099
**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511
Facsimile 907.276.2631

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and SAM'S WEST, INC.,<br><br>Defendants. | Case No. A05-0094 CV (JKS)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## INTRODUCTION

Defendants Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively "Wal-Mart") have moved the Court for partial dismissal of Plaintiff's First Amended Class Action Complaint ("First Amended Complaint" or "FAC"). Plaintiff's First Amended Complaint, along with the opposition to Wal-Mart's motion, attempt to disguise the true nature of Plaintiff's claims in an effort to bootstrap meritless causes of actions and forms of damages. Despite Plaintiff's claims to the contrary, the current case is fundamentally a wage and hour dispute. The Plaintiff's fundamental claim is that he was not paid all wages due him because of various forms of alleged conduct that purportedly caused him to be underpaid. Put differently, if Wal-Mart paid to the Plaintiff all wages owed for the alleged

time he worked for which he was not paid, he has no claim in this litigation. The suggestion that plaintiff's potential right of recovery goes beyond this simple issue is specious.

Close scrutiny of plaintiff's allegations and the fundamental theory behind the claims asserted in the First Amended Complaint leads to the necessary conclusion that the Plaintiff cannot maintain claims for conversion, unjust enrichment, statutory record keeping violations, or breach of contract based upon the employee handbook. The Court has previously dismissed Plaintiff's claims for conversion and unjust enrichment. Although recast in the First Amended Complaint, the causes of action remain improper and subject to dismissal. Moreover, Plaintiff's opposition does not argue that a private right of action exists for a statutory record keeping violation. Plaintiff's breach of contract claim based upon the employee handbook also fails. Therefore, the Court should grant Wal-Mart's motion for partial dismissal of Plaintiff's First Amended Complaint.

**A.    Plaintiff's Conversion Claim Remains One for the Alleged Theft of Money Due and Owing.**

Although Plaintiff's First Amended Complaint and opposition brief attempt to confuse the issue, the Plaintiff's claim for conversion is about "the theft of earned wages[.]" See Opposition Brief at 6. If Wal-Mart fully paid the Plaintiff, he would have no claim for conversion irrespective of whether time records had been improperly manipulated in some manner as alleged by the FAC. The Plaintiff cannot reasonably contend the conversion claim is for anything except the payment of wages.

As stated by the Court in its previous order, Alaska law does not recognize "a claim of conversion for wages owed but unpaid." September 12 Order at 2. Because the gravamen of the Plaintiff's claim seeks the recovery of unpaid wages allegedly stolen through time shaving practices or some other method, he cannot maintain any claim for conversion. Alaska law does not "recognize

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 2 of 10

1269564.1

an action for conversion in every case where an action for money owed but unpaid would lie." September Order at 2. Therefore, the Court should dismiss the Plaintiff's claim for conversion.

1. **Plaintiff May Not Assert a Current Possessory Interest in Wal-Mart's Timekeeping Records.**

In an effort to avoid dismissal, the Plaintiff argues that a party can have a possessory interest in electronic data or intangible property, which could in turn support a claim for conversion. In support of this contention, the Plaintiff cites cases in which one party has converted another party's intellectual or intangible property. See Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003 (domain name); DIRECT TV, Inc. v. Pahnke, 2005 WL 3453823 (E.D. Cal. Dec. 12, 2005) (interception of satellite signal); MTC Elec. Tech. Co., Ltd., v. Leung, 889 F. Supp. 396 (C.D. Cal. 1995) (stock options).

The Plaintiff misconstrues Wal-Mart's motion. Wal-Mart does not contend that a claim for conversion cannot exist for intellectual property. The Plaintiff's claim for conversion fails because the Plaintiff cannot identify any property in which he had a possessory interest. The Plaintiff does not, and cannot, contend that he owned *Wal-Mart's* timekeeping system and the data comprising that system. Rather, the Plaintiff contends some amorphous property interest is created in conjunction with his work for Wal-Mart and the existence of *Wal-Mart's* time records. The Plaintiff does not assert that the electronic record constituted his property right, but rather that the "record represented a property right of the employee who created it" or "the right to be paid a specific amount for the units of time worked." Opposition at 2. The substance of the Plaintiff's claim is for damages in connection with the alleged underpayment of wages, rather than the return of data in Wal-Mart's timekeeping system. However, a party may not assert the claim of conversion for this underpayment of wages. This amorphous "property right" is simply the debt owed for wages.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 3 of 10

1269564.1

Moreover, this situation is materially different from the cases cited by the Plaintiff. In those cases, the intellectual or intangible property had intrinsic value. Domain names, satellite signals, or stock options have inherent value. However, timekeeping records of an employee's time worked have no intrinsic value which can be stolen and appropriated to another use. The injury from any alleged improper manipulation of time records only exists in the form of underpayment of wages. As already stated by the Court, Alaska law does not recognize "a claim of conversion for wages owed but unpaid." September Order at 2.

2.   **Wal-Mart's Authority Rejects the Plaintiff's Argument.**

The Plaintiff argues that Wal-Mart's authority does not justify dismissal of the Plaintiff's claim for conversion. However, Wal-Mart has cited ample authority, including the prior ruling of this Court. This Court has already ruled that Alaska law does not recognize a claim of conversion for wages owed but unpaid. That ruling is supported by the case law cited by Wal-Mart in its first motion to dismiss and the current motion. Further, that ruling is the law of the case. See Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2005) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case."); Johnson v. Andrus, 899 F.2d 753, 761 (9th Cir. 1989) (applying law of the case doctrine to prior rulings of the trial court). Because the Plaintiff seeks the payment for "the theft of earned wages," the claim for conversion should be dismissed.

3.   **Punitive Damages Cannot Save Plaintiff's Otherwise Improper Conversion Claim.**

The Plaintiff suggests that a conversion claim is appropriate because it may permit the award of punitive damages. However, whether punitive damages may be obtained through a conversion cause of action has no bearing upon whether such a claim is actionable in this context. Cf. Walt v. State, 751 P.2d 1345, 1354 (Alaska 1988) (Punitive damages unavailable where plaintiff asserts no

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))

Page 4 of 10

1269564.1

LANE POWELL, LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

cognizable tort claims). It is improper for the Plaintiff to suggest a conversion claim is valid simply because Wal-Mart should be punished for alleged misconduct. The ultimate remedy that may be available in the event a plaintiff can substantiate an alleged claim does not preclude the dismissal of that claim under circumstances such as those herein where Plaintiff has failed to allege a cognizable claim.

**B.     Plaintiff Has Failed to Provide a Justifiable Basis for Unjust Enrichment.**

The Plaintiff's claim for unjust enrichment seeks the disgorgement of profits allegedly obtained through the underpayment of wages. These unjust enrichment damages are identical to the damages sought by Plaintiff through the claims for violation of the AWHA and breach of contract. Plaintiff has an adequate remedy at law and cannot seek the same recovery through an equitable cause of action. See Knaebel v. Heiner, 663 P.2d 551 (Alaska 1983). Recognizing that the recovery sought by Plaintiff under the actions at law and in equity are identical, the Court previously dismissed the Plaintiff's unjust enrichment cause of action. See September Order at 2.

The deficiency in Plaintiff's unjust enrichment cause of action remains unchanged by the filing of the First Amended Complaint. Plaintiff's opposition brief fails to hypothesize any form of recovery available under a claim for unjust enrichment that cannot also be recovered potentially through the AWHA or breach of contract claims. Instead, Plaintiff merely suggests the unjust enrichment claim may provide the same remedy, but permit a greater recovery for the class.

However, the Plaintiff's theory is unsound. At this time, no class has been certified. The Plaintiff does not represent any other individuals and cannot assert any claims on their behalf. The Plaintiff does not proffer any theory that would allow him personally to recover a greater or different amount through an unjust enrichment claim than through his legal claims.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 5 of 10

1269564.1

In addition, even if the recovery is applied to a broader class of individuals, the recovery remains the same. If the Plaintiff succeeds in proving liability and damages on behalf of a class of individuals, the recovery under the legal and equitable claims would remain the same. Plaintiff suggests unjust enrichment will provide a different remedy relating to non-responsive class member, i.e., those putative class members who do not receive notice and/or who might fail to file a claim at the conclusion of the case. However, those non-responsive class members' unjust enrichment damages are identical to their AWHA and breach of contract damages. Further, Plaintiffs' theory of unjust enrichment would even go so far as to sweep in damages on behalf of putative class members who opted out of a Rule 23 class.

Put simply, Plaintiff continues to be unable to submit a theory for the unjust enrichment claim in which recovery differs between the equitable and legal claims. Therefore, the cause of action for unjust enrichment should be dismissed.

## C. Employment Handbook Does Not Support a Breach of Contract Claim.

To make clear, Wal-Mart does not seek the dismissal of Plaintiff's breach of contract claim entirely. Rather, Wal-Mart seeks to limit any purported breach of contract cause of action to the extent it relies upon the employment handbook to support the terms or conditions of any purported employment contract.

The employee handbook in effect in 2002[1] expressly states that it "is a guide, not a legal contract" and that "[t]he rules and policies in this handbook may change." Associate Handbook at 3, Decl. of Rudy A. Englund, Ex. A. Later, in the acknowledgment page of the handbook, the document provides that "[t]he policies and benefits presented in this handbook are for your

---

[1] McFarlin began work for Wal-Mart in May 2002 and as evidenced by his Acknowledgment signed on May 27, 2002, he received an employee handbook at that time. See FAC at ¶ 69; Englund Decl., Ex. B.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 6 of 10

1269564.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

information and do not constitute terms or conditions of employment . . . This handbook is not a contract." Id. at 47. The Acknowledgement instructs the employee to read and sign the form and it contains the statement: "I understand that the information contained in this handbook are guidelines only, and are in no way to be interpreted as a contract." Id. McFarlin signed the Associate Handbook Acknowledgement form verifying that they had read the handbook and understood that the handbook was not a contract. See Englund Decl., Ex. B. Now, Plaintiff sues Wal-Mart claiming the handbook constituted a contract. However, courts hold that such employee handbooks do not become a basis for an employment contract.[2] See Sharpe v. AT&T, 66 F.3d 1045, 1051 (9th Cir. 1995); Swanson v. Liquid Air Corp., 118 Wn.2d 512, 826 P.2d 664 (1992).

Plaintiff's opposition asserts that dismissal of the claim is unwarranted because the handbook "merely provides confirmation of company policies requiring employees to be paid for all time worked." Opposition at 10. The fact Wal-Mart may have policies consistent with the guidelines or policies expressed in the handbook does not convert the document into a written contract. Moreover, the Plaintiff's suggestion that the handbook contains policies regarding conduct prohibited by Wal-Mart which could potentially lead to termination, does not transform the handbook into a contract. There is simply no basis for the Plaintiff to avoid his signed acknowledgement that the document does not constitute a contract.

Plaintiff's reliance upon Jones v. Central Peninsula General Hospital, 779 P.2d 783 (Alaska 1989), is inapposite. The Jones court simply found that a personnel manual could become apart of an at-will contract, thereby limiting the grounds upon which an employer could terminate an

---

[2] Plaintiff's argument misconstrues the issue. Plaintiff's position is that "The Disclaimer Did Not Destroy Employee's Contract Rights." See Opposition at 11 (Section II.C.1 Title). However, the issue is not whether the disclaimers and acknowledgement signed by McFarlin destroys contract rights, but rather, whether the disclaimers and acknowledgement prevent the handbook from even becoming apart of any contract from the outset.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))

1269564.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

employee. In Jones, the employer promulgated an 85-page manual that included a one-sentence contract disclaimer buried in document. In such a situation, the court found the contract did not sufficiently inform the employee that the manual was not part of the employee's contract of employment. See id. at 788. Here, in addition to multiple contract disclaimers, McFarlin signed a disclosure expressly acknowledging that he understood that the information contained in the handbook was "in no way to be interpreted as a contract." See Englund Decl., Ex. B. Such express language precludes any reasonable "rel[iance] on representations in [an employee] manual." See Jones, 779 P.2d at 788 (quoting Leikvold v Valley View Comm. Hosp., 141 Ariz. 544, 688 P.2d 170, 174 (1984)).

Plaintiff's reliance upon Moreau v. Air France, 356 F.3d 942 (9th Cir. 2004), is equally misplaced. The Moreau court holding assumed a manual could modify an employment contract—without deciding the issue—before finding that employer did not breach any contract by terminating the plaintiff even if the manual had any effect on the contract. Moreau did not conclude the manual would modify any employment contract, and did not involve a situation where the employee expressly disavows any contract based upon the manual.

Finally, Plaintiff's unconscionability argument is flawed. Numerous courts have concluded that an employee handbook does not become a part of any employment contract. See, e.g., Sharpe v. AT&T, 66 F.3d 1045, 1051 (9th Cir. 1995); Swanson v. Liquid Air Corp., 118 Wn.2d 512, 826 P.2d 664 (1992); Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661 (Mo. 1988); Heideck v. Kent General Hosp., 446 A.2d 1095 (Del. 1982); Gates v. Life of Montana Ins. Co., 196 Mont. 178, 638 P.2d 1063 (1982); Johnson v. National Beef Packing Co., 220 Kan. 52, 551 P.2d 779 (1979); Williams v. Biscuitville, Inc., 40 N.C. App. 405, 253 S.E.2d 18 (1979). Further, it makes no sense to suggest the withholding of an intent to create a contract is unconscionable. A contract is only formed through the

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 8 of 10

1269564.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

voluntary intent of the parties. See <u>Childs v. Kalgin Island Lodge</u>, 779 P.2d 310, 314 (Alaska 1989) (formation of a contract requires "an intent to be bound"). Plaintiff cannot reasonable argue that the handbook and/or lack of intent to contract through the handbook is unconscionable, and therefore, he cannot enforce it as a contract.

Wal-Mart's employee handbook expressly disclaims any intent to form a contract through the document. McFarlin signed an acknowledgement to that effect recognizing the handbook was not a contract. He cannot now base a breach of contract claim upon that same employee handbook. For the foregoing reasons, plaintiff's breach of contract claim must be dismissed to the extent it relies upon Wal-Mart's employee handbook.

E.  **No Private Right of Action Exists for Violation of the Record Keeping Statutes.**

Wal-Mart has moved the Court for dismissal of any claim based upon an alleged violation of Alaska's record keeping statute. The Plaintiff's "First Cause of Action" is for "Violation of Alaska Wage and Hour Act: AS 23.10.050 – AS 23.10.150." Included within this group of statutes are the record keeping statutes. See AS 23.10.100; AS 23.10.135.

However, no private right of action exists for violation of these statutes. The only party having any rights in connection with AS 23.10.100 is the Commissioner or an authorized representative of the Commissioner. See AS 23.10.100(b). Further, Section 23.10.100, which prescribes the remedies afforded an employee for violation of the AWHA, does not provide an employee with any claim or redress for violation of AS 23.10.100.

The Plaintiff's opposition brief does not suggest that any private right of action exists for violation of the record keeping statutes. Instead, the Plaintiff argues that whether Wal-Mart kept adequate records could remain relevant to burden shifting issues at the time of trial. However, whether the maintenance of records could be relevant to evidentiary issues at trial has no impact upon whether a

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))

1269564.1

private right of action exists for violation of the statutes. Plaintiffs have proffered no theory in defense of a claim for violation of the record keeping statutes. Therefore, the Court should dismiss any claim based upon violation of AS 23.10.100, AS 23.10.135, and AS 23.05.080.

## CONCLUSION

Plaintiff's claims for conversion, unjust enrichment, and record keeping violations should be dismissed. Alaska law does not recognize a cause of action for conversion relating to the failure to pay wages. Plaintiff's claim for unjust enrichment adds nothing to his causes of action at law. No private right of action exists for violation of Alaska's record keeping statutes. Finally, Plaintiff's breach of contract claim is improper to the extent it relies upon the Wal-Mart's employee handbook. Therefore, the Court should grant Wal-Mart's motion for partial dismissal.

DATED this 6th day of February, 2006.

LANE POWELL LLC

By s/Rudy A. Englund
   Rudy A. Englund, WSBA No. 04123
   *Admitted Pro Hac Vice*
   1420 Fifth Avenue, Ste. 4100
   Seattle, WA 98101
Attorneys for Defendants
WAL-MART STORES, INC., and SAM'S WEST, INC.

I certify that on February 6, 2006, a copy of the foregoing was served by fax and U.S. mail on:

Mark Clayton Choate
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801

and by U. S. Mail on

Robert J. Bonsignore
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155

*[signature]*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (JKS))
Page 10 of 10

1269564.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631