Rudy A. Englund, WSBA No. 04123
*Admitted Pro Hac Vice*
William A. Earnhart, ASBA No. 9411099
**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511
Facsimile 907.276.2631

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and SAM'S WEST, INC.,<br><br>                              Defendants. | Case No. A05-0094 CV (TMB)<br><br>**MOTION TO VACATE ALASKA COURT PRETRIAL DEADLINES** |

### INTRODUCTION

Defendants Wal-Mart Stores Inc. and Sam's West Inc. (collectively "Wal-Mart") moves the Court for relief from the pretrial deadlines adopted in McFarlin v. Wal-Mart Stores Inc., United States District Court for the District of Alaska, Case No. A05-0094 CV (TMB) (hereinafter "McFarlin"). The McFarlin matter was recently transferred to the District of Nevada, pursuant to the Transfer order entered on February 16, 2006 in Docket No. 1735 by the Judicial Panel on Multidistrict Litigation ("Transfer Order"), as part of the In Re Wal-Mart Wage and Hour Employment Practices Litigation.[1]

---

[1] Wal-Mart's motion is being filed in this Court pursuant to instructions from the Nevada Court Clerk on the basis that the Nevada Court has not received a certified copy of the Transfer Order and the Alaska file has not been officially closed.

Despite the recent transfer, counsel for plaintiff in the McFarlin case has refused to agree to the vacation of the McFarlin pretrial deadlines but rather has expressed the desire to continue to adhere to the pretrial deadlines set forth in the McFarlin scheduling orders, including the March 1, 2006 deadline for the disclosure of experts. Consistent with provisions of the Transfer Order that the cases subject thereto be transferred to the District of Nevada "for coordinated or consolidated pretrial proceedings," Wal-Mart requests that the Court vacate the above noted March 1, 2006 expert disclosure deadline and all other Alaska deadlines pending entry of a comprehensive Scheduling Order in the multidistrict proceedings.

## PROCEDURAL BACKGROUND

Plaintiffs filed the McFarlin action alleging *inter alia* that Wal-Mart engaged in various "time shaving" activities in an effort to underpay the plaintiff and putative class members. Wal-Mart removed the McFarlin action to the District of Alaska on May 2, 2005. On July 8, 2005, the Alaska court entered a Scheduling and Planning Order for administration of the McFarlin matter, including various deadlines relating to discovery, motion practice, and expert disclosures. See Ex. A, Englund Decl. As noted above, on February 16, 2006, the Judicial Panel on Multidistrict Litigation issued its Transfer Order transferring six actions, including the McFarlin action, to this Court to coordinate pretrial administration of the actions. On February 24, 2006, the Alaska court entered an order revising the following deadlines: expert disclosures (March 1, 2006), rebuttal expert disclosures (April 1, 2006), final witness list (May 1, 2006), and discovery cutoff (June 1, 2006). See Ex. B, Englund Decl.

Despite the Transfer Order, counsel for McFarlin has refused to agree to this motion or the vacation of the pretrial deadlines adopted by the Alaska court. Counsel for Wal-Mart has met and conferred with opposing counsel in a good faith effort to resolve this dispute, but the plaintiff continues to prefer to adhere with the pretrial schedule in the McFarlin action. Accordingly, Wal-Mart files this motion requesting that in light of the multidistrict litigation process, the Court relieve the parties from the deadlines adopted by the Alaska court in the McFarlin action.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## ARGUMENT

Civil actions pending in different districts and involving one or more common questions of fact may be transferred to another district for coordinated and consolidated pretrial proceedings. See 28 USC § 1407. A district court has broad discretion in coordinating and administrating multidistrict litigation. See In re Showa Denko K.K. L-Tryptophan Prod. Liability Litig.-II, 953 F.2d 162, 165 (4th Cir. 1992) (citing In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1019 (1st Cir. 1988)). The multiplicity of suits requires that the district court be allowed to combine procedures, manage discovery and provide judicial efficiency. See id. (citing Manual for Complex Litigation (Second) §§ 33.22, 33.25 (1985)).

The McFarlin action has now been transferred, or is in the process of being transferred to the Nevada District Court for pretrial management pursuant to the Transfer Order of the Judicial Panel on Multidistrict Litigation. As part of the multidistrict litigation, that Court will necessarily resolve and manage pretrial expert and discovery issues. Having affirmatively sought to have this matter transferred to the Nevada Court through the multidistrict litigation process, it is incongruous for McFarlin to continue to insist that the parties abide by the Alaska court prior scheduling orders. Pretrial issues for McFarlin should be managed on a uniform basis with the other transferred actions according to the Nevada Court's case management. Accordingly, the parties should no longer be compelled to comply with the Alaska court's prior scheduling orders, but rather those deadlines should be vacated pending entry of a comprehensive Scheduling Order by the Nevada Court.

## CONCLUSION

The McFarlin action has been transferred to the Nevada Court for pretrial case management. Those pretrial issues should be addressed and managed on a uniform basis with the other actions transferred pursuant to the multidistrict litigation. Therefore, the Court should relieve the parties from any continuing deadlines set forth in the scheduling orders issued by the Alaska court.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**MOTION TO VACATE ALASKA COURT PRETRIAL DEADLINES**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (TMB))

1275676.1

DATED this 1st day of March, 2006.

          LANE POWELL PC

          By  s/Rudy A. Englund
            Rudy A. Englund, WSBA No. 04123
            *Pro Hac Vice*
            Lane Powell PC
            1420 Fifth Avenue, Ste. 4100
            Seattle, WA  98101
            Telephone: 206-223-7000
            Facsimile: 206-223-7107

          Attorneys for Defendants
          WAL-MART STORES, INC., and SAM'S WEST, INC.

I certify that on March 1, 2006, a copy
of the foregoing was served electronically on:

Mark Clayton Choate
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801

and by U. S. Mail on

Robert J. Bonsignore
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155

/s/ Rudy A. Englund

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**MOTION TO VACATE ALASKA COURT PRETRIAL DEADLINES**
*JOHN MCFARLIN v. WAL-MART STORES, INC. and SAM'S WEST, INC.* (Case No. A05-0094 CV (TMB))
**Page 4 of 4**

1275676.1