RECEIVED
JUL 1 1 2005
LANE POWELL PC

FILED
JUL 0 8 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JOHN MCFARLIN, )
)
    Plaintiff(s), )
) Case No. A05-0094 CV (JKS)
v. )
)
WAL-MART STORES, INC, ET AL., )
)
    Defendant(s). )
_____)

SCHEDULING AND PLANNING ORDER

    Based upon information available to the court through a status report completed by the parties pursuant to Rules 16 and 26(f), Federal Rules of Civil Procedure, and D.Ak. LR 16.1, and, if one was held, the scheduling and planning conference, this order for the pre-trial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

Discovery

    Discovery shall be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, D.Ak. LR 30.1, 32.1, and 37.1, and the discovery plan contained in the status report of the parties except that:

    (1) Counsel for each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure. Unless required in support of a motion or by order of the court,

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}

Client/Matter: 11655.250
cc to attys: _____
cc to client:
Calendared: ___

22

**EXHIBIT A**

disclosures and supplemental disclosures are not to be filed with the court.

    (2) Joint statement of issues:
        (a) __X__ Nothing further is required.
        (b) ____ The parties have not submitted a preliminary joint statement of issues. The parties shall meet, prepare, and file a preliminary joint statement of issues by .
        (c) ____

    (3) Preliminary disclosures (including a preliminary witness list) is required as a part of the Rule 26(a)(1) disclosure:
        (a) ____ Have been exchanged
        (b) __X__ Will be exchanged by July 15, 2005.

    (4) Expert witness disclosures in accordance with Rule 26(a)(2) must be made no later than 90 days before the close of discovery.

    (5) No later than 30 days before the close of discovery, each party shall serve and file a final, revised witness list which unless otherwise specifically stated must include expert as well as lay witnesses. Only those witnesses so disclosed will be permitted to testify at trial.

    (6) All discovery must be scheduled so as to be _completed_ by **April 1, 2006** .

    (7) If expert witness or other fact discovery is not completed by the dates above specified, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished. A discovery conference must be requested if more time is required to complete such discovery. The court will not routinely approve requests or stipulations for extensions of time for discovery.

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}

(8) Limits on discovery:
    (a) _X_ No limitations on discovery other than those suggested by the parties are imposed at this time.
    (b) ___ Requests for admissions are limited to___.
    (c) ___ Interrogatories(including subparts) to parties are limited to ___.
    (d) (1) ___ Depositions are limited to ___ per side
        (2) ___ Depositions are limited to ___ hours per non-party witness.
    (e) ___ [other as directed by the court].

(9) Disclosures and discovery responses are to be supplemented in accordance with Rule 26(e) at:
    (a) ___ -day intervals; or
    (b) _X_ 30 days before the close of discovery.

(10) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the court in an Order for Pre-Trial Proceedings & Final Pre-Trial Conference that the court will issue concurrent with setting this case for trial.

(11) The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions. A deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

### Motions

(1) Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed within no later than 90 days before the close of discovery. Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

(2) All motions under the discovery rules must be filed no later than thirty (30) days following the date set for the closure

of a class of discovery. Discovery motions will be stricken if the parties fail to comply with Rule 37(a)(2), Federal Rules of Civil Procedure, and D.Ak. LR 37.1.

(3) Dispositive motions and motions *in limine* must be filed no later than thirty (30) days following the date set for the closure of all discovery.

### Further Pre-Trial Proceedings

(1) The parties have not consented to all future proceedings in this case being before a United States magistrate judge.

(2) Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the court.

(3) In the event that discovery is completed more than 45 days before the discovery close date set in this scheduling and planning order, and if no dispositive motion is to be made by any party, counsel for the plaintiff must file a certificate that the case is ready for trial as provided in D.Ak. LR 40.3(b). When the time allowed for discovery and motion practice has passed, and all pending dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

### Trial

It is estimated that this case will require one week for trial by jury.

DATED at Anchorage, Alaska, this ___ day of July, 2005.

James K. Singleton, Jr.
United States District Judge

A05-0094--CV (JKS)    7/8/05    4

✓ R. CHOATE
✗ M. EARNHART (LANE)

## Englund, Rudy

**From:** cmecfmail@akd.uscourts.gov
**Sent:** Friday, February 24, 2006 4:18 PM
**To:** cmecfmail@akd.uscourts.gov
**Subject:** Activity in Case 3:05-cv-00094-TMB McFarlin v. Wal-Mart Stores Inc. et al "Order on Stipulation"

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Alaska

Notice of Electronic Filing

The following transaction was received from DPM, entered on 2/24/2006 at 3:18 PM AST and filed on 2/24/2006

**Case Name:** McFarlin v. Wal-Mart Stores Inc. et al
**Case Number:** 3:05-cv-94
**Filer:**
**Document Number:** 43

**Docket Text:**
ORDER granting [41] Joint STIPULATION Re: Amending Pretrial Order by Sam's West Inc., Wal-Mart Stores Inc.; Disclosure of Experts due March 1, 2006; Disclosure of Rebuttal Experts due April 1, 2006; Final Witness Lists due May 1, 2006; and Discovery due June 1, 2006. (DPM, )

The following document(s) are associated with this transaction:

**3:05-cv-94 Notice will be electronically mailed to:**

Mark C. Choate    markcchoate@yahoo.com, jmacneil@san.rr.com

William A. Earnhart    earnhartw@lanepowell.com, preej@lanepowell.com; heckj@lanepowell.com; wagnerf@lanepowell.com

Rudy A. Englund    englundr@lanepowell.com, lunda@lanepowell.com; schugm@lanepowell.com; youngd@lanepowell.com; fosterk@lanepowell.com; docketing-SEA@lanepowell.com

**3:05-cv-94 Notice will be delivered by other means to:**

Robert J. Bonsignore
23 Forest Street
Medford, MA 02155

Mary K. Schug

**EXHIBIT B**

03/01/2006