Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633
Email:  markcchoate@yahoo.com

Robert J. Bonsignore, *Pro Hac Vice*
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400
Email: Rbonsignore@aol.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>WALMART STORES, INC. and SAM'S WEST, INC.,<br><br>        Defendants. | )<br>)<br>) Case No. 3 AN-05-0094 CV (TMB)<br>)<br>)<br>) **PARTIAL OPPOSITION TO MOTION**<br>) **TO VACATE ALASKA COURT**<br>) **PRETRIAL DEADLINES**<br>)<br>)<br>)<br>)<br>)<br>) |

### INTRODUCTION AND BACKGROUND

Defendants Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively, "Wal-Mart") characterize their motion as a request to vacate the pretrial schedule that was established by this Court, due to the impending transfer of this case to the Nevada District Court pursuant to the February 16, 2006 Transfer Order issued by the Judicial Panel on Multidistrict Litigation. Plaintiff John McFarlin, who supported the motion for transfer and coordinated pretrial proceedings, agrees that the remaining pretrial schedule should be vacated when the case is transferred. Plaintiff's only dispute is in regard to a single

deadline in the pretrial schedule, and that is the deadline for expert disclosure, which is now past. Originally set for January 3, 2006, the parties twice stipulated to continue the date for expert disclosure, first to February 1, 2006 and then to March 1, 2006.

On the date set for that disclosure, March 1, 2006, Wal-Mart's counsel asked Plaintiff to stipulate that the date for expert disclosure should be vacated, along with the remaining pretrial dates. Plaintiff refused to so stipulate in regard to expert disclosure because, despite lengthy delays in obtaining necessary discovery from Wal-Mart, the parties had already had ample time to prepare for expert disclosure. In addition, the transfer of this case to the Nevada District Court has not yet occurred and there is no reason why this deadline should be further continued. Although Plaintiff was prepared to make expert disclosure on that day, Plaintiff declined to make such disclosure unilaterally. Wal-Mart's counsel responded that he would file the present motion.

Although Plaintiff agrees that the remaining deadlines in the pretrial schedule should be vacated and coordinated as the Nevada District Court deems appropriate, Plaintiff requests that the date for non-generic expert disclosure in this case be rescheduled as soon as possible. There is simply no good reason to delay expert disclosure in this case any longer.

## ARGUMENT

As set forth in the accompanying Declaration of Carol P. LaPlant, the parties have twice agreed to one month continuances of the date for expert disclosure. LaPlant Declaration, ¶ 4. These continuances were necessitated by repeated delays in obtaining the requested data from Wal-Mart. *Id.,* ¶¶ 3, 4. Plaintiff refused Wal-Mart's request to stipulate to vacate the date for expert disclosure, because there is no good reason why this stage of the litigation should be delayed any longer, regardless of the impending transfer to the District of Nevada. *Id.,* ¶ 5.

Multidistrict litigation serves the useful purpose of allowing the parties to pursue discovery that can be used generically in the coordinated cases. "One 'purpose of the M.D.L. process is to assemble data through discovery that can be used in any related litigation without the need for duplicative efforts.' [Citation.]" *In re Agent Orange Product Liability Litigation*, 105 F.R.D. 577, 580 (D.C.N.Y., 1985). Case specific

matters remain in the jurisdiction of the transferor court.  *In re Phenylpropanolamine Products Liability Litigation*, 2004 WL 2034587, 2 (W.D.Wash., 2004).

Plaintiff maintains that disclosure of non-generic, case specific experts and expert reports can, and should, be ordered by this Court.  The impending transfer should not allow Wal-Mart to profit from the delay caused by its dilatory, incomplete responses to Plaintiff's discovery.

## **CONCLUSION**

For all these reasons, Plaintiff requests that the Court decline to vacate the date for expert disclosure and, instead, set a date in the near future for such disclosure.

Dated:  March 16, 2006              Respectfully submitted,

                                    CHOATE LAW FIRM LLC


                                    __/Mark C. Choate_____
                                    MARK C. CHOATE
                                    424 N. Franklin Street
                                    Juneau, AK 99801
                                    Phone: (907) 586-4490
                                    Fax: (907) 586-6633
                                    EM: lawyers@choatelawfirm.com
                                    AK Bar: 8011070

## **PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska.. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

I served the foregoing document described as **PARTIAL OPPOSITION TO MOTION TO VACATE ALASKA COURT PRETRIAL DEADLINES and DECLARATION OF CAROL P. LaPLANT IN SUPPORT THEREOF,** on the interested parties in this action by serving the original true copies, addressed as follows:

William Earnhart
Lane Powell Spears Lubersky, LLP
Attorney For: Walmart
301 W. Northern Lights Blvd. Suite 301
Anchorage, AK  99503
Phone: (907) 264-3323
Fax: (907) 276-2631

Rudy A. Englund
Lane Powell Spears Lubersky, LLP
Attorney For: Walmart
1420 Fifth Avenue, Ste. 4100
Seattle, WA  98101-2338
Phone: (206) 206-2237
Fax: (206) 223-7107

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☐ By electronic service through the court of record's electronic service system,.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 16, 2006 at Juneau, Alaska..

_____<i>s/Mark C. Choate</i>_____<br>
CHOATE LAW FIRM, LLC