Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633
Email:  markcchoate@yahoo.com

Robert J. Bonsignore, *Pro Hac Vice*
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400
Email: Rbonsignore@aol.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MCFARLIN, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>WALMART STORES, INC. and SAM'S WEST, INC.,<br><br>        Defendants. | Case No. 3 AN-05-0094 CV (TMB)<br><br>**DECLARATION OF CAROL P. LaPLANT IN SUPPORT OF PLAINTIFF'S PARTIAL OPPOSITION TO MOTION TO VACATE ALASKA COURT PRETRIAL DEADLINES** |

I, Carol P. LaPlant, declare as follows:

1.      I am an attorney licensed to practice in the State of California and an employee of the Choate Law Firm, counsel of record for Plaintiff in this action.  I have applied for *pro hac vice* admission to represent Plaintiff in this case before the United States District Court for the District of Alaska and have completed the Electronic Case Filing System Attorney Registration Form.  I make the following statements based upon personal knowledge, except as to those statements made upon information and belief, and I believe those to be true.

2. I have been actively involved in all discovery and preparation of experts in this case. In June, 2005, in conjunction with the parties' Rule 26(f) scheduling and planning conferences, Plaintiff's counsel provided Defendants Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively, "Wal-Mart") with a focused list of Wal-Mart employee and payroll databases that Plaintiff must obtain in order to prepare this case for trial. This list reflected the experience of Plaintiff's lead counsel, Robert J. Bonsignore, in litigating similar cases in other jurisdictions. Shortly thereafter, Plaintiff served a production request for the documents on that list, as well as related documents. Wal-Mart served responses on July 19, 2005.

3. In preparation for Plaintiff's expert disclosure, originally scheduled for January 3, 2006, the electronic databases produced by Wal-Mart were analyzed and serious errors and omissions were found. Specifically, the payroll data for two Wal-Mart stores was found to be indecipherable or missing and a PeopleSoft database that tracked employee status, including employment dates and position, was missing. Wal-Mart agreed to replace the payroll data but was reluctant to produce the PeopleSoft data because, Wal-Mart insisted, some elements of the PeopleSoft data could be obtained from other databases. Plaintiff responded that specific types of data that are necessary to determine class membership can only be obtained from the PeopleSoft database, furthermore Wal-Mart had produced PeopleSoft databases in like litigation in other jurisdictions.

4. Because of delays caused by Wal-Mart, the necessary data was not available in time for the January 3, 2006, expert disclosure, and the parties stipulated to continue expert disclosure to February 1, 2006. Thereafter, some of Wal-Mart's replacement data was again found to be defective and, inexplicably, Wal-Mart chose to produce the PeopleSoft database in "pdf" format (i.e., printed image), rather than digital, making the PeopleSoft data unusable in a computerized analysis of Wal-Mart's payroll records. The parties again stipulated to continue expert disclosure, to March 1, 2006. Although Wal-Mart has finally agreed to produce the PeopleSoft database in digital format, it still has not done so.

5. On March 1, 2006, Wal-Mart's counsel, Rudy Englund, informed me that Wal-Mart would not be disclosing experts as scheduled and requested that Plaintiff stipulate to vacate the date for expert disclosure, along with the rest of the remaining pretrial

schedule, because of the Transfer Order issued by the Judicial Panel on Multidistrict Litigation. I advised Mr. Englund that it was Plaintiff's position that expert disclosure should go forward as scheduled, as the case had not yet been stayed or transferred. I further advised Mr. Englund that although Plaintiff was prepared to make timely expert disclosure, Plaintiff would not do so unilaterally.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 16th day of March, 2006, at Berkeley, California.

/Carol P. La Plant
_____
Carol P. LaPlant
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: *Pro Hac Vice*